**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Michael Ventolieri, | Civil Action No.: 1:14-cv-13741 |
| Plaintiff, | |
| v. | |
| Harley-Davidson Credit Corp.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Michael Ventolieri, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA"), and violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.*

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Michael Ventolieri ("Plaintiff"), is an adult individual residing in Cambridge, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Harley-Davidson Credit Corp. ("Harley"), is a Illinois business entity with an address of 222 West Adams Street, Suite 2000, Chicago, Illinois 60606, and is a "person" as defined by 47 U.S.C. § 153(39).

A. **Harley Engages in Harassment and Abusive Tactics**

6. In or around August, 2013, Harley began placing calls to Plaintiff's cellular telephone, number 617-xxx-0178, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

7. Harley placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer"), and by using an artificial or prerecorded voice.

8. When Plaintiff answered the calls, he was met with a period of silence followed by a prerecorded voice which instructed Plaintiff to wait on the line to be connected to the next available representative.

9. During a conversation taking place in June, 2014, Plaintiff explained to Harley that he was current with his payments, and therefore should not be receiving the automated calls. Plaintiff ended the conversation by requesting that Harley cease calling his cellular phone.

10. Harley continued to harass Plaintiff at the rate of over four calls per week after Plaintiff's request for them to cease.

11. Harley's repeated calls caused Plaintiff significant inconvenience and concern.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephones using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. Often when Plaintiff answered the phone, he was met with a period of silence followed by a prerecorded voice before Defendants' telephone system would connect him to the next available representative.

17. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendants contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number in light of him revoking his consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

24.     The Defendants initiated communication via telephone with the Plaintiff in excess of two calls in each seven-day period in violation of 940 CMR § 7.04(1)(f).

25.     Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);
3. Punitive damages; and
4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 30, 2014

          Respectfully submitted,

          By   /s/ Sergei Lemberg

          Sergei Lemberg (BBO# 650671)
          LEMBERG LAW, L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424
          Attorneys for Plaintiff